O

# United States District Court
# Central District of California

| | |
|---|---|
| ERIC MCDOWELL et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>PENSKE TRUCK LEASING CO., L.P. et al.,<br><br>        Defendants. | Case № 5:23-cv-02406-ODW (ASx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [6]** |

## I.        INTRODUCTION

Plaintiffs Eric McDowell, Noel Perez, and Aaron Stubbs bring this putative class action for alleged California labor violations against Defendant Penske Truck Leasing Co., L.P. ("Penske"). (Notice of Removal ("NOR") Ex. A ("Compl."), ECF Nos. 1, 1-1.) Penske now moves under Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss counts one, five, six, and seven of Plaintiffs' Complaint. (Mot. Dismiss ("Motion" or "Mot."), ECF No. 6.) Penske also moves to partially dismiss Plaintiffs' eighth cause of action to the extent that it is based on the violations

asserted in counts five, six, and seven. (*Id.*) For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Penske's Motion.[1]

## II.  BACKGROUND

The following facts are taken from the Plaintiffs' Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that well-pleaded factual allegations are accepted as true for purposes of a motion to dismiss).

All three named Plaintiffs are employed by Penske, where they currently work as technicians. (Compl. ¶¶ 8, 11, 15.) Plaintiffs allege that they consistently work over eight hours per day and are not properly compensated for the work they do in excess of eight hours. (*Id.* ¶¶ 9, 12, 16.) Furthermore, Penske no longer compensates employees for the time that it takes to ready their workstations and change into their required protective work uniforms. (*Id.* ¶ 24.) Penske halted that practice on October 24, 2022. (*Id.*)

On March 22, 2023, Penske representatives and Western Region Automotive Local Union ("Union") representatives held a meeting to discuss why employees were no longer compensated for the time spent changing into their uniforms at work. (*Id.* ¶ 25.) Penske and Union representatives acknowledged that, before October 24, 2022, Penske used to compensate employees for this time. (*Id.*) Penske representatives further advised that this compensation stopped due to an update in their payroll software, and assured the Union representatives that the issue would be addressed and resolved. (*Id.*) However, despite these representations, the issue remains unresolved, and Penske employees are still not paid for this time. (*Id.*)

On October 10, 2023, Plaintiffs filed this class action in San Bernardino County Superior Court, asserting claims for: (1) unfair business practices, (2) failure to pay minimum wages, (3) failure to pay overtime compensation, (4) failure to maintain required records, (5) failure to provide itemized wage statements, (6) failure to timely

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

pay wages, (7) failure to pay all wages owed upon separation, and (8) Private Attorney General Act ("PAGA") violations. (*Id.* ¶¶ 38–91.) On November 27, 2023, Penske removed the action to this Court. (*See* NOR, ECF No. 1.)

Penske now moves to dismiss the first, fifth, sixth, and seventh causes of action pursuant to Rule 12(b)(6). (Mot. 2.) Penske also moves for partial dismissal of Plaintiffs' eighth cause of action to the extent that it is based on violations asserted in counts five, six, and seven. (*Id.*)

### III.   LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . 'as true and . . . in the light most favorable'" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City and County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV. DISCUSSION

Penske moves to dismiss Plaintiffs' first, fifth, sixth, and seventh cause of action pursuant to Rule 12(b)(6). (Mot. 6.) Penske also moves for partial dismissal of Plaintiffs' eighth claim under PAGA to the extent that it is based on the violations asserted in claims five, six, and seven. *Id*. The Court will address each cause of action in turn.

### A. Plaintiffs' First Cause of Action: Unfair Business Practices

Plaintiffs bring their first cause of action alleging violations of California's Unfair Competition Law ("UCL"), which prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Under the UCL, a plaintiff may obtain restitution or injunctive relief for certain prohibited business practices. *Korea Supply Co. v. Lockheed Martin Corp.* 29 Cal. 4th 1134, 1144 (2009). Because "[a] UCL action is equitable in nature," money damages are not available. *Korea Supply*, 29 Cal. 4th at 1144; *see also Kaldenbach v. Mut. of Omaha Life Ins. Co.*, 178 Cal. App. 4th 830, 847 (2009).

Accordingly, "the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020). UCL "plaintiffs are required, at a minimum, to plead that they lack an

adequate remedy at law." *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1009 (N.D. Cal. 2020). In other words, UCL plaintiffs must "allege some facts suggesting that damages are insufficient to make them whole." *Franckowiak v. Scenario Cockram USA, Inc.*, No. 2:20-cv-8569-JFW (PVCx), 2020 WL 9071697, at *2 (CD. Cal. Nov. 30, 2020).

Here, Plaintiffs fail to include in their Complaint an allegation that they lack an adequate remedy at law. (*See generally* Compl.) District courts have consistently dismissed UCL claims based entirely on Labor Code wage-and-hour violations that do not allege the lack of an adequate legal remedy. *See, e.g.*, *Alvarado v. Wal-Mart Assocs.*, No. 2:20-cv-1926-DSF (JCx), 2020 WL 6526372, at *4 (C.D. Cal. Aug. 7, 2020) ("[I]n order to assert a claim for equitable restitution under the UCL in federal court, the complaint must allege that the plaintiff lacks an adequate legal remedy."); *Franckowiak*, 2020 WL 9071697, at *3 (holding plaintiffs must successfully allege that their legal remedies are inadequate to be able to proceed with their UCL claim).

Therefore, because Plaintiffs fail to plead the lack of an adequate legal remedy, the Court **GRANTS** Penske's Motion to Dismiss as to Plaintiffs' first cause of action **WITH LEAVE TO AMEND**.

### B. Plaintiffs' Fifth Cause of Action: Itemized Wage Statements

Plaintiffs bring their fifth cause of action under California Labor Code section 226(a), alleging that Penske failed to provide itemized wage statements. To be actionable, California Labor Code section 226(e)(1) requires that an employer's failure to comply with section 226(a)[2] be "knowing and intentional." Cal. Lab. Code § 226(e)(1). "Section 226(e)(3) explains that a 'knowing and intentional failure' does not include an isolated and unintentional payroll error due to a clerical or inadvertent mistake." *Novoa v. Charter Commc'ns, LLC*, 100 F. Supp. 3d 1013, 1027 (E.D. Cal. 2015). A plaintiff must therefore demonstrate that the defendant was "aware of the

---

[2] Cal. Labor Code section 226(a) requires California employers to provide each employee with an itemized wage statement containing certain specified information about employee's hours, wages, and accruals.

factual predicate underlying the violation[s]." *Id*. at 1028. A plaintiff does not, however, need to show that the employer knew its conduct was unlawful; it is enough that the employer only had knowledge of the conduct itself. *See Garnett v. ADT LLC*, 139 F. Supp. 3d 1121, 1133 (E.D. Cal. 2015).

Here, Plaintiffs adequately plead that Penske was aware of the conduct underlying the alleged violation. Penske's representatives acknowledged, during the March 2023 meeting with the Union, that they had compensated employees for the time spent changing into their uniforms up until October 24, 2022. (Compl. ¶ 24.) This acknowledgment, as well as representations that the ongoing issue with the payroll system would be resolved, indicates Penske's awareness of the facts underlying the claim. *See Garnett*, 139 F. Supp. 3d at 1133 (holding that a relevant factor in determining whether the "knowing and intentional" element is satisfied is whether the employer had, prior to the alleged violation, adopted a set of policies, procedures and practices that did comply with section 226).

As plaintiffs sufficiently allege a violation of California Labor Code section 226(a), the Court **DENIES** Penske's Motion to Dismiss Plaintiffs' fifth cause of action.

### C. Plaintiffs' Sixth Cause of Action: Failure to Timely Pay Wages

Plaintiffs bring their sixth cause of action under California Labor Code section 204, which requires employers to pay wages to employees twice monthly on designated paydays. Cal. Lab. Code § 204. However, the California Labor Code does not provide aggrieved employees with a private right of action against employers who violate section 204. *Young v. ABM Sec. Servs.*, 905 F.2d 1541, at *5 (9th Cir. 1990) ("Cal. Labor Code § 210 authorizes the Labor Commissioner to fine employees who violate § 204 and deposit the money in the state treasury. The statute does not grant employees a private right of action against employers who violate section 204."); *see also Johnson v. Hewlett-Packard Co.*, 809 F.Supp.2d 1114, 1136 (N.D. Cal. 2011), *aff'd*, 546 F. App'x 613 (9th Cir. 2013) ("There is nothing in section 204 or 210 that

indicates, in clear understandable, unmistakable terms, that a private right of action exists for violations of section 204.")

Accordingly, Plaintiffs lack standing to bring a legal action against Penske for violations of California Labor Code section 204 because no private right of action exists under the statute. *Id*. Plaintiffs do not contest this issue. (*See generally* Opp'n, ECF No. 9.) Therefore, the Court **GRANTS** Penske's Motion to Dismiss as to Plaintiffs' sixth cause of action. As amendment would be futile, this cause of action is dismissed **WITHOUT LEAVE TO AMEND**.

### D. Plaintiffs' Seventh Cause of Action: Failure to Pay Wages Upon Separation

Plaintiffs bring their seventh cause of action under California Labor Code sections 201 and 202, which provide for waiting time penalties to employees who did not receive all wages earned either (i) at the time they were discharged, or (ii) at the time they resigned. Cal. Lab. Code §§ 201, 202. Thus, a plaintiff can pursue a claim for a violation of either section 201 or 202 only if they suffered the corresponding types of injury. *McGhee v. Tesoro Ref. and Mktg. Co. LLC*, 440 F. Supp. 3d 1062, 1072 (N.D. Cal. 2020). In other words, a named plaintiff may pursue a claim on behalf of a class only for statutory injuries that he himself suffered. *Id*.

Here, McDowell, Perez, and Stubbs are all currently employed by Penske. (*See* Compl. ¶¶ 8, 11, 15.) As none of the named plaintiffs resigned or were discharged from Penske at the time that they filed this action, they lack standing for their claims under both section 201 and 202. Therefore, the Court **GRANTS** Penske's Motion to Dismiss as to Plaintiffs' seventh cause of action **WITHOUT LEAVE TO AMEND**.

### E. Plaintiffs' Eighth Cause of Action: Private Attorney General Act

Finally, Penske moves for partial dismissal of Plaintiffs' eighth cause of action under PAGA to the extent that it is based on violations asserted in counts five, six, and seven. (Mot. 6.) PAGA is a statutory mechanism whereby an aggrieved employee may bring a civil action to recover civil penalties for violations of certain provisions of the Labor Code. *Arias v. Superior Ct.*, 46 Cal. 4th 969, 980–81 (2009); *see also*

*Thomas v. Home Depot USA, Inc.*, 527 F. Supp. 2d 1003, 1006 (N.D. Cal. 2007) ("PAGA . . . permits individuals to bring private actions against an employer for civil penalties under specified sections of the Labor Code.") Because a PAGA claim is based on violations of discrete provisions of the Labor Code, courts regularly order partial dismissal of PAGA claims when certain predicate Labor Code violations are implausible, ill-pled, or otherwise not viable. *See, e.g.*, *Bato v. Lab. Corp. of Am. Holdings*, No. 2:09-cv-04671-MMM (Ex), 2010 WL 11459908, at *8 (C.D. Cal. Feb. 8, 2010). Thus, when a plaintiff fails to plead a violation of the California Labor Code, they also fail to plead a PAGA claim based on that same violation. *Id*.

Accordingly, the Court **GRANTS** Penske's Motion to Dismiss as to Plaintiffs' eighth cause of action—the PAGA violation—to the extent that it is based on the now-dismissed sixth and seventh causes of actions.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Penske's Motion. (ECF No. 6.) Specifically, the Court **DISMISSES** Plaintiffs' first, sixth, and seventh cause of action, and it **DISMISSES** Plaintiffs' eighth cause of action to the extent that it is based on the sixth and seventh causes of action. Plaintiffs' fifth cause of action survives Penske's Motion.

The Court provides Plaintiffs with leave to amend the first cause of action to remedy the deficiencies detailed above. If Plaintiffs elect to amend, the First Amended Complaint is due no later than **fourteen (14) days** from the date of this Order, in which case Defendant should answer or otherwise respond within **fourteen (14) days** of Plaintiffs' filing of the First Amended Complaint. If Plaintiffs do not timely amend, the dismissal of the first cause of action shall be deemed a dismissal with prejudice as of the lapse of the deadline to amend, and Penske shall answer the Complaint, as modified herein, within **fourteen (14) days** of the lapsed deadline.

**IT IS SO ORDERED.**

March 29, 2024

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**