1  **SKAPIK LAW GROUP**
   Mark J. Skapik (SBN 164957)
2  Geralyn L. Skapik (SBN 145055)
   Blair J. Berkley (SBN 222293)
3  5861 Pine Avenue, Suite A-1
   Chino Hills, California 91709
4  Telephone: (909) 398-4404
   Facsimile: (909) 398-1883
5
   Attorneys for Plaintiffs
6  ERIC D. MCDOWELL, NOEL PEREZ,
   AARON L. STUBBS, and on behalf of
7  all persons similarly situated.

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        COUNTY OF SAN BERNARDINO, SAN BERNARDINO JUSTICE CENTER

| | |
|---|---|
| ERIC MCDOWELL, an individual; NOEL PEREZ, an individual, AARON STUBBS, an individual: and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PENSKE TRUCK LEASING CO., L.P.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 5:23-cv-02406-ODW (ASx)<br><br>**FIRST AMENDED CLASS ACTION AND PRIVATE ATTORNEY GENERAL (PAGA) REPRESENTATIVE ACTION COMPLAINT FOR:**<br><br>1. Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, *et seq.*];<br>2. Failure to pay minimum wages [Labor Code §§ 1194, 1194.2; IWC Wage Order No. 9-2001 § 9(B)];<br>3. Failure to pay overtime compensation [Labor Code §§ 510, 1194; IWC Wage Order No. 9-2001, section 3];<br>4. Failure to maintain required records [Labor Code §§ 226, 1174, 1174.5, IWC Wage Order No. 9-2001, section 7]<br>5. Failure to provide itemized wage statements [Labor Code § 226(a)]<br>6. Private Attorney General Act [Labor Code §§2698-2699.5] for violations of Labor Code §§ 201, 202, 203, 206.5,226(a), 210, 226.7, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802.<br><br>**JURY DEMAND** |

PLAINTIFFS ERIC MCDOWELL, NOEL PEREZ, and AARON STUBBS (collectively "PLAINTIFFS"), on behalf of all persons similarly situated, allege as follows:

## PARTIES

1. Plaintiff ERIC MCDOWELL ("MCDOWELL") is an individual and resident of Fontana, California.

2. Plaintiff NOEL PEREZ ("PEREZ") is an individual and resident of Jurupa Valley, California.

3. Plaintiff AARON L. STUBBS ("STUBBS") is an individual and resident of Riverside, California.

4. Defendant PENSKE TRUCK LEASING CO., L.P. ("PENSKE"), is a limited partnership organized and existing under the laws of Delaware. PENSKE is authorized to do business, and is doing business, in California.

5. The true names and capacities, whether individual, corporate, or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to PLAINTIFFS at this time who, therefore, sue these Defendants by such fictitious names pursuant to *Code of Civil Procedure* section 474. When the true names and capacities of these Defendants are ascertained, PLAINTIFFS will amend this Complaint to allege their true names and capacities.

## VENUE

6. This court is the proper court because the alleged *Labor Code* section 2802 obligation arose in San Bernardino County. *C.C.P.* § 395.5.

## GENERAL ALLEGATIONS

7. Plaintiff MCDOWELL commenced employment at PENSKE in November 2016 as an hourly service representative.

8. In October 2017 MCDOWELL was promoted to Technician. MCDOWELL is currently employed with Penske as a Technician II.

9. MCDOWELL works in excess of 8 hours per day and is not compensated for this time at a rate of one and a half times his regular rate for hours worked in excess of eight hours per workday and for hours worked in excess of 40 hours per workweek.

10. MCDOWELL, works and is "engaged," "off-the-clock" as PENSKE would not permit MCDOWELL to "clock-in" when requested to perform certain task and is required to "clock-out" before being permitted to perform, or complete, certain employer related tasks.

11. Plaintiff PEREZ commenced employment at PENSKE in California on August 9, 1999, as a Customer Service Representative. PEREZ was promoted to Technician on December 31, 2002. PEREZ is currently a Technician II.

12. PEREZ works in excess of 8 hours per day and is not compensated for this time at a rate of one and a half times his regular rate for hours worked in excess of eight hours per workday and for hours worked in excess of 40 hours per workweek.

13. PEREZ works and is "engaged," "off-the-clock" as PENSKE would not permit PEREZ to "clock-in" when requested to perform certain task and is required to "clock-out" before being permitted to perform, or complete, certain employer related tasks.

14. Plaintiff STUBBS commenced employment at Penske Logistics in May 2017, as an hourly service representative and driver.

15. In January 2018, STUBBS transferred to PENSKE and was promoted to Technician. STUBBS is currently employed as a Technician II.

16. STUBBS works in excess of 8 hours per day and is not compensated for this time at a rate of one and a half times his regular rate for hours worked in excess of eight hours per workday and for hours worked in excess of 40 hours per workweek.

17. STUBBS, works and is "engaged," "off-the-clock" as PENSKE would not permit STUBBS to "clock-in" when requested to perform certain task and is required to "clock-out" before being permitted to perform, or complete, certain employer related tasks.

18. MCDOWELL, PEREZ, and STUBBS are required to wear uniforms as a condition of their continued employment.  Due to the nature of the work performed, the uniforms are mandated to be worn for company identification and to protect the employees from work related hazards, such as burns and chemical exposures.

19. All uniforms are furnished and maintained by Penske and provided to PLAINTIFFS and Penske employees upon arrival at their workplace.  PLAINTIFFS must arrive at least 20 minutes before their scheduled clock-in time to change into their uniform and to organize their workstation and tools so that their workstation is in order and ready upon clocking in at the commencement of their shift.

20. PLAINTIFFS are not paid for this time.

21. PLAINTIFFS are mandated to be dressed, their workstation in order, and only then permitted to clock-in at their scheduled time.  If PLAINTIFF is late in changing into his uniform due to over crowding in the locker-room, or their workstation is not in order at time of clock-in, PLAINTIFF will be docked ½ point for being late. Upon receipt of 8 points, PLAINTIFF will be terminated.

22. PLAINTIFFS are required to change into the mandated protective uniform "off the clock" and are not compensated for the time spent changing into the mandated protective uniform.  At the end of each work shift, PLAINTIFFS are required to clock out, return to the locker room, change out of their protective uniforms and back into their clothes.  The protective uniforms are then given to Penske to be laundered.

23. PLAINTIFFS are not compensated for the approximately 10 minutes spent changing out of their Penske protective uniform.

24. Prior to October 24, 2022, and pursuant to their Collective Bargaining Agreement, PENSKE compensated their employees for the time it took to ready their workstation and change into their protective work uniform.  For some unknown reason, PENSKE halted this practice on or about October 24, 2022.

25. On March 22, 2023, at 9:00 a.m., a meeting was held between Penske Truck Leasing Company representatives and Western Region Automotive Local Union

1  representatives. Penske representatives in attendance included, but was not limited to, Art
2  Munoz, David Leren, Joe Lingo, Peter Kraft, Joshua Lujan, Cecil Reed and Robert
3  McDonald. During this meeting, the issue of why employees who are mandated to
4  change into their uniforms at work are no longer being compensated for this time. Penske
5  and the Union representatives acknowledge that prior to October 24, 2022, this time was
6  in fact compensated.  Penske representatives advised that this issue was due to updating
7  their payroll software and assured the Union Representatives that this issue would be
8  addressed and resolved.  To date, this issue is still unresolved.

## CLASS-ACTION ALLEGATIONS

26. The CLASS PERIOD runs from October 24, 2022, ending on the date determined by the Court (CLASS PERIOD).

27. The CLASS consists of those persons who formerly worked for or currently work for PENSKE in California as non-exempt employees who are mandated to change into a uniform at work, (collectively "CLASS MEMBERS") at any time during the CLASS PERIOD.

28. The CLASS MEMBERS working for PENSKE in the CLASS PERIOD can be ascertained from PENSKE's personnel and payroll records.

29. PLAINTIFFS are informed and believe and thereon allege that the CLASS is so numerous, consisting of several thousand individuals, that joinder of all such persons is impracticable.  The disposition of all CLASS MEMBERS claims in a class action, rather than in individual actions, will benefit the parties and the court.  The prosecution of individual actions by CLASS MEMBERS would waste judicial resources and create potential for conflicting judgments.

30. The amount in controversy for the aggregate claim of CLASS Members is under five million dollars $5,000,000.00.

31. The questions of law and fact common to the CLASS MEMBERS are substantially similar, and predominate over the questions affecting individual MEMBERS, because:

        a.     Defendants use the same policies, practices, and procedures for compensating all CLASS MEMBERS.

        b.     Defendants maintain the same policies, practices, and procedures for maintaining wage-and-hour records and preparing itemized wage statements for all CLASS MEMBERS; and

32. PLAINTIFFS are CLASS MEMBERS, and their claims are typical of the CLASS MEMBERS.

33. There is no plain, speedy, or adequate remedy available to CLASS MEMBERS other than maintenance of this class action because PLAINTIFFS are informed and believe and thereon allege that the damages owed to each CLASS MEMBER is relatively small, making it economically infeasible to pursue remedies other than a class action.

34. PLAINTIFFS will fairly and adequately protect the CLASS MEMBERS because the law and facts supporting their claims are identical with the law and facts required to prove the claims of each CLASS MEMBER.

35. PLAINTIFFS are represented by experienced, able, and qualified counsel (Skapik Law Group) who are experienced in litigating class actions. Skapik Law Group possesses the resources necessary to represent the proposed CLASS and is committed to devoting all necessary resources to the prosecution of this matter through trial.

## PRIVATE ATTORNEYS GENERAL ACT ALLEGATIONS

36. PLAINTIFFS and CLASS MEMBERS are aggrieved employees of PENSKE as defined in *Labor Code* section 2699(c).

37. On August 1, 2023, PLAINTIFFS provided timely notice to the California Labor and Workforce Development Agency ("LWDA") and to Defendants as required by *Labor Code* section 2699.3(a).

///

///

///

# I.

# FIRST CAUSE OF ACTION

# UNFAIR BUSINESS PRACTICES

# [Business and Professions Code § 17200]

(By PLAINTIFFS and CLASS MEMBERS Against PENSKE)

38. PLAINTIFFS incorporate by reference the allegations contained in paragraphs 1 through 37 as though fully set forth herein.

39. Defendants employed PLAINTIFFS and CLASS MEMBERS in the CLASS PERIOD as non-exempt employees throughout their California facilities.

40. Defendants committed acts of unfair business practices, as defined in *Business and Professions Code* section 17200, through the following:

    a. Defendants failed to pay PLAINTIFFS and CLASS MEMBERS the minimum wage for all hours worked in violation of IWC Wage Order No. 9-2001, section 4;

    b. Defendants failed to pay PLAINTIFFS and CLASS MEMBERS required overtime compensation in violation of *Labor Code* section 510(a) and IWC Wage Order No. 9-2001, section 3;

    c. Defendants failed to maintain the records required IWC Wage Order No. 9-2001, section 7;

    d. Defendants failed to provide PLAINTIFFS and CLASS MEMBERS itemized wage statements in violation of *Labor Code* section 226(a);

    e. Defendants failed to pay wages in a timely manner in violation of *Labor Code* section 204.

41. As a proximate result of Defendants' unlawful acts, PLAINTIFFS and CLASS MEMBERS lost money and suffered injury in fact.

42. The unlawful business practices of Defendants present a continuing threat to PLAINTIFFS, CLASS MEMBERS and the public in that Defendants continue to fail to pay their employees the minimum wage for all hours worked, continue to fail to pay their

employees overtime compensation for overtime hours worked, continue to fail to pay employees for time worked "off the clock," continue to fail to timely pay wages, continue to fail to pay employee for all time employees are engaged by Penske, continue to fail to maintain the records required by IWC Wage Order No. 9-2001, section 7, continue to fail to provide their employees itemized wage statements, and continue to fail to pay their employees all wages owed to them upon their separation within the time periods given in *Labor Code* sections 201 and 202.

43. Plaintiffs and class members lack an adequate remedy at law to make them whole from the harm they suffered due to Defendants' unfair business practices and violations of California Business and Professions Code § 17200 described herein. Given that no private right of action exists for Plaintiffs and class members to recover damages under California Labor Code Sections 204, for failure to pay wages in a timely manner, Plaintiffs and class members are deprived of an opportunity to be truly made whole. Thus, the legal remedy available to Plaintiffs and class members is inadequate. As such, Plaintiffs and class members seek restitution and equitable relief provided by California Business and Professions Code § 17203.

## II.
## SECOND CAUSE OF ACTION
## FAILURE TO PAY MINIMUM WAGE
**[Labor Code §§ 210, 510, 588, 1194, 1194.2;1197.1, 1198, 1199 and IWC Wage Order No. 9-2001, § 9(A)]**

(By PLAINTIFFS and CLASS MEMBERS Against PENSKE)

44. PLAINTIFFS incorporate by reference the allegations contained in paragraphs 1 through 43 as though fully set forth herein.

45. Defendants employed PLAINTIFFS and CLASS MEMBERS in the CLASS PERIOD as non-exempt employees throughout their California facilities.

46. At all times relevant, the California Industrial Welfare Commission ("IWC") Wage Order No. 9-2001 applied to PENSKE's employment of PLAINTIFFS and CLASS MEMBERS.

47. IWC Wage Order No. 9-2001, section 9(A) states: "When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer. The term "uniform" includes wearing apparel and accessories of distinctive design or color."

48. Further, California Law requires employers to compensate employees for all time spent on work, including when donning and doffing required uniforms are only available at the employer's location.

49. PENSKE required PLAINTIFFS and CLASS MEMBERS to completely change into their uniforms prior to "clocking in." The wearing of these uniforms is mandatory.

50. PLAINTIFFS and CLASS MEMBERS are not permitted to change into or out of their uniform at home and are required change into and out of their uniform at work.

51. Changing into their uniform is a necessary and integral to performing their job as these uniforms are protect the employee from burns and hazardous chemical.

52. PLAINTIFFS and CLASS MEMBERS would arrive at their job site at least 15-20 minutes prior to the start of their work shift so that they could change into their protective uniform and be in full gear before their shift commenced. PLAINTIFFS and CLASS MEMBERS would then ready their workstation and tools. Then PLAINTIFF and CLASS MEMBERS would be required to wait in line to clock in, even though they were on the job site in advance of their scheduled shift start time and despite the fact that their "work" had commenced.

53. From at least on or about October 24, 2022, until present, PENSKE has not paid PLAINTIFFS and CLASS MEMBERS for the time spent changing into uniforms and preparing their workstation prior to clocking in.

54. At the end of their shift, PLAINTIFFS and CLASS MEMBERS, would clock-out and return to the locker room where they would wait to change out of their uniform and back into their street clothes.

55. PLAINTIFFS and CLASS MEMBERS are required to work these overtime hours while "clocked out," or perform work required tasks "off the clock." PLAINTIFFS and CLASS MEMBERS alleged Defendants failed to pay PLAINTIFFS and CLASS MEMBERS for all hours worked and failed to pay for all overtime hours and all hours worked "off the clock."

56. As a proximate result of PENSKE's violation of the applicable statutes and wage orders, PLAINTIFFS and CLASS MEMBERS were damaged.

## III.
## THIRD CAUSE OF ACTION
## FAILURE TO PAY OVERTIME COMPENSATION
**[Labor Code §§ 510, 1194; IWC Wage Order No. 9-2001]**

(By PLAINTIFFS and CLASS MEMBERS Against PENSKE)

57. PLAINTIFFS incorporate by reference the allegations contained in paragraphs 1 through 56 as though fully set forth herein.

58. Defendants employed PLAINTIFFS and CLASS MEMBERS in the CLASS PERIOD as truck mechanics, sales representatives, drivers, and non-exempt employees throughout their California facilities.

59. At all times relevant, *Labor Code* section 510 and IWC Wage Order No. 9-2001, section 3, applied to PLAINTIFFS and CLASS MEMBERS' employment and requires Defendants to pay PLAINTIFFS and CLASS MEMBERS time and one-half for hours worked in excess of eight hours per workday and for hours worked in excess of 40 hours per workweek. Wage Order No. 9-2001, section 3, further required Defendants to pay PLAINTIFFS and CLASS MEMBERS twice the regular rate of pay for hours worked in excess of 12 hours per workday.

60. Throughout their employment, and during the CLASS PERIOD, PLAINTIFFS and CLASS MEMBERS worked in excess of eight hours per workday, and in excess of 40 hours per workweek.

61. IWC Wage Order No. 9-2001, section 9(A) states: "When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer. The term "uniform" includes wearing apparel and accessories of distinctive design or color."

62. Further, California Law requires employers to compensate employees for all time spent on work, including when donning and doffing required uniforms are only available at the employer's location.

63. PENSKE required PLAINTIFFS and CLASS MEMBERS to completely change into their uniforms prior to "clocking in." The wearing of these uniforms is mandatory.

64. PLAINTIFFS and CLASS MEMBERS are not permitted to change into or out of their uniform at home and are required change into and out of their uniform at work.

65. Changing into their uniform is a necessary and integral to performing their job as these uniforms are protect the employee from burns and hazardous chemical.

66. PLAINTIFFS and CLASS MEMBERS would arrive at their job site at least 15-20 minutes prior to the start of their work shift so that they could change into their protective uniform and be in full gear before their shift commenced. PLAINTIFFS and CLASS MEMBERS would then ready their workstation and tools. Then PLAINTIFF and CLASS MEMBERS would be required to wait in line to clock in, even though they were on the job site in advance of their scheduled shift start time and despite the fact that their "work" had commenced.

67. From at least on or about October 24, 2022, until present, PENSKE has not paid PLAINTIFFS and CLASS MEMBERS for the time spent changing into uniforms and preparing their workstation prior to clocking in.

68. At the end of their shift, PLAINTIFFS and CLASS MEMBERS, would clock-out and return to the locker room where they would wait to change out of their uniform and back into their street clothes.

69. PLAINTIFFS and CLASS MEMBERS are required to work these overtime hours while "clocked out," or perform work required tasks "off the clock." PLAINTIFFS and CLASS MEMBERS

70. alleged Defendants failed to pay PLAINTIFFS and CLASS MEMBERS for all hours worked and failed to pay for all overtime hours and all hours worked "off the clock."

71. As a proximate result of PENSKE's violation of the applicable statutes and wage orders, PLAINTIFFS and CLASS MEMBERS were damaged.

72. Defendants knew that Plaintiff and CLASS MEMBERS worked overtime.

73. Defendants failed to pay PLAINTIFFS and CLASS MEMBERS overtime compensation for all the overtime hours worked.

## IV.

## FOURTH CAUSE OF ACTION

## FAILURE TO MAINTAIN REQUIRED RECORDS

[Labor Code § 1174 and IWC Wage Order No. 9-2001, § 7(A)]

(By PLAINTIFFS and CLASS MEMBERS Against PENSKE)

74. PLAINTIFFS incorporate by reference the allegations contained in paragraphs 1 through 73 as though fully set forth herein.

75. Defendants employed PLAINTIFFS and CLASS MEMBERS in the CLASS PERIOD as truck mechanics, sales representatives, drivers, and non-exempt employees throughout their California facilities.

76. At all relevant times, IWC Wage Order No. 9-2001, section 7(A)(3), required Defendants to maintain "[t]ime records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded."

FIRST AMENDED CLASS ACTION AND PRIVATE ATTORNEY GENERAL (PAGA) REPRESENTATIVE ACTION COMPLAINT

77. IWC Wage Order No. 9-2001, section 7(A)(4), required Defendants to maintain records including "[t]otal wages paid each payroll period . . . ."

78. IWC Wage Order No. 9-2001, section 7(A)(5), required Defendants to maintain records including "[t]otal hours worked in the payroll period and applicable rates of pay."

79. PLAINTIFFS are informed and believe and thereon alleges that during the CLASS PERIOD Defendants knowingly and intentionally failed to maintain accurate records as required by IWC Wage Order No. 9-2001, section 7.

80. In addition, DEFENDANTS did not record the actual worktime of PLAINTIFFS and CLASS MEMBERS because DEFENDANTS required PLAINTIFFS and CLASS MEMBERS to work while clocked out.

81. As a proximate result of Defendants' violations of IWC Wage Order No. 9-2001, section 7, PLAINTIFFS and Class MEMBERS were damaged.

## V.

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS

**[Labor Code § 226(a) and IWC Wage Order No. 9-2001, § 7(B)]**

(By PLAINTIFFS and CLASS Members Against PENSKE)

82. PLAINTIFFS incorporate by reference the allegations contained in paragraphs 1 through 81 as though fully set forth herein.

83. Defendants employed PLAINTIFFS and CLASS MEMBERS in the CLASS PERIOD as truck mechanic, sales representatives, drivers, and non-exempt employees throughout their California facilities.

84. *Labor Code* section 226(a) states that employers shall, semimonthly or at the time of each payment of wages, furnish each employee an itemized statement showing gross wages, total hours worked, all deductions, and net wages earned.

85. PLAINTIFFS are informed and believes and thereon alleges that Defendants knowingly and intentionally failed to furnish Plaintiff and CLASS MEMBERS with

accurate itemized wage statements showing all hours worked, wages earned, overtime hours worked, overtime wages, additional wages paid for meal and rest breaks missed, and net pay.

86. As a result of Defendants' conduct, PLAINTIFFS and CLASS MEMBERS suffered damages. Each CLASS member is entitled to recover the greater of his or her actual damages or $50.00 for the initial pay period in which a violation occurred and $100.00 for each violation in subsequent pay periods, not to exceed an aggregate penalty of $4,000.00.

87. As a direct result of Defendants' conduct, PLAINTIFFS and CLASS MEMBERS are forced to incur substantial attorney's fees and costs, which are recoverable pursuant to *Labor Code* section 226(e)(1).

## VIII.

## SIXTH CAUSE OF ACTION

## PRIVATE ATTORNEYS GENERAL ACT ALLEGATIONS (PAGA)

**[Labor Code §§ 201-203; 206.5; 210; 226(a); 226.7; 510; 512; 558(a)(1)-(2); 1194; 1197; 1197.1; 119; 2698-2699.5; 2802]**

(By PLAINTIFFS and REPRESENTATIVE MEMBERS Against PENSKE)

88. PLAINTIFFS incorporates by reference the allegations contained in paragraphs 1 through 87 as though fully set forth herein.

89. DEFENDANTS employed PLAINTIFFS and REPRESENTATIVE MEMBERS in the PAGA PERIOD as truck mechanics, sales representatives, drivers and non-exempt employees throughout their California facilities.

90. PLAINTIFFS and REPRESENTATIVE MEMBERS are aggrieved employees of PENSKE as defined in *Labor Code* section 2699(c).

91. PLAINTIFFS and REPRESENTATIVE MEMBERS provided timely notice to the California Labor and Workforce Development Agency ("LWDA") and to DEFENDANTS as required by *Labor Code* section 2699.3(a).

92. Common questions of law and fact exist and predominate over the questions affecting the individual MEMBERS of this Representative Action. Among the questions of law and fact common to the REPRESENTATIVE MEMBERS include:

   a. Whether PENSKE engaged in a uniform pattern and practice of failing to pay PLAINTIFFS and REPRESENTATIVE MEMBERS for all hours worked pursuant to *Labor Code* §§ 510, 588,1194, 1194.2;1197.1, 1198, 1199 and IWC Wage Order No. 9-2001, § 9(B)

   b. Whether PENSKE engaged in a uniform pattern and practice of failing to pay PLAINTIFFS and REPRESENTATIVE MEMBERS for the time to change into and out of their mandated protective uniforms and to prepare and clean up their workstations;

   c. Whether PENSKE engaged in a uniform pattern and practice of failing to pay PLAINTIFFS and REPRESENTATIVE MEMBERS minimum wages pursuant to *Labor Code* §§ 1194, 1194.2; IWC Wage Order No. 9-2001, § 9(B)];

   d. Whether PENSKE engaged in a uniform pattern and practice of failing to pay PLAINTIFFS and REPRESENTATIVE MEMBERS overtime compensation pursuant to *Labor Code* § 510 and IWC Wage Order No. 9-2001 section 3;

   e. Whether PENSKE engaged in a uniform pattern and practice of failing to maintain the time records required by IWC Wage Order No. 9-2001 section 7, as a way of avoiding liability for failure to pay workers for all regular and overtime hours worked pursuant to *Labor Code* §§ 226, 1174, 1174.5, IWC Wage Order No. 9-2001, section 7;

   f. Whether PENSKE engaged in a uniform pattern and practice of failing to provide itemized wage statements *Labor Code* § 226(a);

93. PLAINTIFFS' claims are typical of the REPRESENTATIVE MEMBERS because PENSKE subjected all of its Technician (truck mechanics), sales representatives, truck drivers and non-exempt employees in the Representative class to identical violations of the California *Labor Code* and IWC Wage Order No. 9-2001.

94.   There is no plain, speedy, or adequate remedy available to the REPRESENTATIVE MEMBERS of other than maintenance of this Representative action because PLAINTIFFS are informed and believe that the damage to each Representative member is relatively small, making it economically infeasible to pursue remedies other than a Representative action.

THEREFORE, PLAINTIFFS pray for judgment against Defendants as follows:

**ON THE CLASS-ACTION ALLEGATIONS**

1.   For an order certifying the Complaint as a class action; and

2.   For an order appointing PLAINTIFFS as representatives of the CLASS and PLAINTIFFS' counsel as CLASS counsel.

**ON THE FIRST CAUSE OF ACTION (UNFAIR BUSINESS PRACTICES);**

3.   For restitution of all compensation owed to PLAINTIFFS and CLASS MEMBERS, as well as disgorged profits from Defendants' unfair business practices;

4.   That a preliminary and permanent injunction be issued that requires Defendants to pay PLAINTIFFS and CLASS MEMBERS minimum wage for all hours worked;

5.   That a preliminary and permanent injunction be issued that requires DEFENDANTS to pay their employees overtime compensation for all overtime hours worked;

6.   That a preliminary and permanent injunction be issued that requires DEFENDANTS to provide their non-exempt employees the meal and rest breaks required by *Labor Code* section 226.7(b) and IWC Wage Order No. 9-2001, sections 11 and 12;

7.   That a preliminary and permanent injunction be issued that requires DEFENDANTS to maintain time records showing the times their non-exempt employees begin and end each work period, meal periods, and the total hours worked each day;

8.   That a preliminary and permanent injunction be issued that requires DEFENDANTS to provide their non-exempt employees accurate itemized wage

statements showing all hours worked, wages earned, overtime hours worked, overtime compensation, additional wages paid for meal and rest periods missed, and net pay;

9. That a preliminary and permanent injunction be issued that requires DEFENDANTS to pay their non-exempt employees all wages owed within the time periods given in *Labor Code* sections 201 and 202;

10. That a preliminary and permanent injunction be issued that requires DEFENDANTS to pay wages in a timely manner pursuant to *Labor Code* section 204.

11. For reasonable attorney fees pursuant to *Labor Code* section 1194(a);

12. For costs of suit; and

13. For such other and further relief as the court may deem proper.

**ON THE SECOND CAUSE OF ACTION (FAILURE TO PAY MINIMUM WAGE)**

14. For compensatory damages in the amount of unpaid minimum wages owed to PLAINTIFFS and CLASS MEMBERS;

15. For interest on unpaid minimum wages owed to PLAINTIFFS and CLASS MEMBERS pursuant to *Labor Code* section 1194(a);

16. For liquidated damages in the amount of unpaid minimum wages owed to PLAINTIFFS and CLASS MEMBERS and interest on that amount pursuant to *Labor Code* section 1194.2(a);

17. For reasonable attorney fees pursuant to *Labor Code* section 1194(a);

18. For costs of suit; and

19. For such other and further relief as the court may deem proper.

**ON THE THIRD CAUSE OF ACTION (FAILURE TO PAY OVERTIME COMPENSATION)**

20. For compensatory damages in the amount of unpaid overtime compensation owed to Plaintiff and CLASS MEMBERS;

21. That a preliminary and permanent injunction be issued that requires Defendants to pay their employees the overtime compensation required by *Labor Code* section 510(a) and IWC Wage Order No. 9-2001, section 3;

22. For prejudgment interest on unpaid overtime compensation pursuant to *Labor Code* sections 218.6 and 1194(a);

23. For reasonable attorney's fees pursuant to *Labor Code* sections 218.5 and 1194(a);

24. For costs of suit; and

25. For such other and further relief as the court may deem proper.

**ON THE FOURTH CAUSE OF ACTION (FAILURE TO MAINTAIN REQUIRED RECORDS)**

26. For compensatory damages;

27. For reasonable attorney's fees pursuant to *Labor Code* section 218.5;

28. For statutory penalties pursuant to the Labor Code;

29. For costs of suit; and

30. For such other and further relief as the court may deem proper.

**ON THE FIFTH CAUSE OF ACTION (FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS)**

31. For the greater of the actual damages PLAINTIFFS and CLASS MEMBERS suffered or the statutory penalty given in *Labor Code* section 226(e)(1);

32. For interest on unpaid wages owed to PLAINTIFFS and CLASS MEMBERS pursuant to *Labor Code* section 218.6;

33. For reasonable attorney's fees pursuant to *Labor Code* section 226(e)(1);

34. For costs of suit; and

35. For such other and further relief as the court may deem proper.

**ON THE SIXTH CAUSE OF ACTION [PRIVATE ATTORNEYS GENERAL ACT ALLEGATIONS]**

36. For civil penalties pursuant to the *Labor Code;*

37. For reasonable attorney's fees pursuant to *Labor Code* sections 218.5, 1194(a) and 2699(g)(1);

38. For interest on unpaid wages pursuant to *Labor Code* section 218.6;

39. For costs of suit; and

40. For such other and further relief as the court may deem proper.

                                                SKAPIK LAW GROUP

Dated: April 11, 2024                    By:   */s/ Geralyn L. Skapik*
                                                          Geralyn L. Skapik
                                                          Mark J. Skapik
                                                          Blair J. Berkley
                                                          Attorneys for Plaintiffs
                                                          ERIC D. MCDOWELL, NOEL PEREZ, AARON STUBBS
                                                          and on behalf of all persons similarly situated.

-19-
FIRST AMENDED CLASS ACTION AND PRIVATE ATTORNEY GENERAL (PAGA) REPRESENTATIVE ACTION COMPLAINT

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

SKAPIK LAW GROUP

Dated: April 11, 2024   By:   */s/ Geralyn L. Skapik*
Geralyn L. Skapik
Mark J. Skapik
Blair J. Berkley
Attorneys for Plaintiffs
ERIC D. MCDOWELL, NOEL PEREZ, AARON STUBBS and on behalf of all persons similarly situated